IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES T. BURGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0987-MJR-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION FOR ATTORNEYS' FEES

**REAGAN, Chief Judge:**

Now Before the Court is Plaintiff's Motion for Approval of Attorneys' Fees, pursuant to 42 U.S.C. 406(b) (Doc. 43). On December 22, 2014, Defendant filed a response stating that she has no objection (Doc. 45).

After this Court reversed the decision denying Plaintiff's application for benefits and remanded pursuant to sentence four of 42 U.S.C. 405(g), the Commissioner granted Plaintiff's application. The contract between Plaintiff and his attorney provides for a contingent fee equal to 25% of all past-due benefits awarded. The Commissioner awarded past-due benefits totaling $117,766.00 and withheld 25% of the past due amount (i.e., $29,441.50) pending court approval of the fee (*see* Doc. 42, Ex. 1 & 2).

42 U.S.C. 406(b)(1)(A) provides that the court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the court approves such a fee, "no other fee may be payable or certified for payment for such representation

1

except as provided in this paragraph." *Id.* In practical terms, this means that, in the event of an award under § 406(b)(1), counsel must refund any amount previously awarded the Equal Access to Justice Act, 28 U.S.C. 2412(d)(1)(B) ("EAJA"). Here, the amount awarded under the EAJA was used to pay Plaintiff's pre-existing debt to the United States (Doc. 43, ¶7). Therefore, there will be no EAJA offset.

The United States Supreme Court has held that § 406(b)(1) controls, but *does not displace*, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, **535 U.S. 789, 807 (2002).**

Having reviewed the circumstances presented in the instant case, including the time and effort expended by counsel, the excellent result received by Plaintiff, the amount of the past-due benefits, and the value of the projected benefits over Plaintiff's expected life span, the Court concludes that 25% of the past-due amount is a reasonable fee here. The Court notes that the Commissioner has filed a response indicating that she does not oppose counsel's request. While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, **535 U.S. at 798, n. 6.**

The Court further notes that Plaintiff was represented by a different attorney, Joni

Bailey, at the administrative level, and that Ms. Bailey has petitioned for a fee award pursuant to 42 U.S.C. 406(a). Present counsel represents to the Court that he will offset any amount awarded to Ms. Bailey for her work at the administrative level so that no more than 25% of Plaintiff's past-due benefits goes to attorneys' fees.

Wherefore, Plaintiff's Motion for Approval of Attorneys' Fees Pursuant to 42 U.S.C. 406(b) (Doc. 43) is **GRANTED**. The Court awards Barry A. Schultz, counsel for Plaintiff, a fee of **$29,441.50 --** representing 25% of the past-due benefits.

IT IS SO ORDERED.

DATE December 14, 2014.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge